**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN YOST, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 14 CV 3816 |
| | ) | |
| v. | ) | |
| | ) | **JUDGE ELLIS** |
| Lake County Sheriff Mark Curran, in his | ) | |
| official capacity, Lake County Deputy, | ) | |
| Richard Free, Star No. 10568, and Lake | ) | |
| County, | ) | |
| | ) | |
| Defendants. | | |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE
TO DEFENDANTS' MOTION TO DISMISS**

Now comes the plaintiff, Brian Yost, and for his memorandum of law in response in

response to defendants' motion to dismiss, states as follows:

**I. INTRODUCTION**

Defendants' motion to dismiss essentially asks this Court to ignore the allegations in the

First Amended Complaint, and accept as fact reports written by defendant Richard Free ("Free").

Plaintiff establishes below that he has alleged ample facts to support plausible causes of action for

false arrest and malicious prosecution. Plaintiff demonstrates below that Free's purported probable

cause to arrest and prosecute plaintiff is really nothing more than a cynical pack of lies designed to

support an arrest of plaintiff merely because he had been involved in a boating accident, and had a

minimal amount of alcohol in his system. Defendants repeatedly emphasize that a person was

injured in the accident and insinuate that plaintiff caused the accident. However, there is nothing in

the record establishing that plaintiff caused the accident, and the fact that someone was injured does not justify plaintiff's arrest.

The complaint clearly alleges that Free lied about virtually every fact that he used to justify plaintiff's arrest, and sets forth several facts that will be used to prove that he lied. Plaintiff explains below that given the alleged facts Defendant cannot establish that there was actual or even arguable probable cause to arrest plaintiff. For these reasons and those further stated below, this honorable Court must deny defendants' Motion to Dismiss.

## II. FACTUAL ALLEGATIONS

On May 26, 2012, Plaintiff was arrested by Free on or near Pistakee Lake in Fox Lake, Illinois in the aftermath of a boating accident.(¶¶ 7,8)[1] Plaintiff did not consent to the arrest and there was no outstanding warrant for his arrest. (¶¶9, 10) After the arrest, Free caused Plaintiff to be charged with two crimes: operating a boat under the influence of alcohol and reckless operation. (¶¶12,13)

However, plaintiff alleges that he did not operate the boat recklessly, or in violation of any laws. (¶14) Plaintiff was not intoxicated or impaired at the time he was operating the boat. (¶16) Plaintiff did not exhibit signs of intoxication or impairment during his interaction with Free. (¶17) In fact, before encountering Free, a different Lake County Deputy spoke with and observed Plaintiff, and then ordered him to operate a with five (5) passengers on board, and move it to location over 200 yards away where he could be interviewed. (¶17)

---

[1] ¶ citations refer to the numbered paragraphs of plaintiff's First Amended Complaint unless otherwise indicated. The First Amended Complaint is attached hereto as Exhibit 1.

### A. Free Wrote False Arrest Reports to Justify Plaintiff's Arrest

Free wrote arrest reports containing false statements designed to create probable cause to arrest plaintiff when no actual probable cause existed. (¶18) The arrest reports falsely state that plaintiff displayed outward signs of intoxication such as an "overwhelming odor of alcohol" on his breath. (¶19) Plaintiff did not have an overwhelming odor of alcohol on his breath. (¶19) The arrest reports state that plaintiff was slurring his words. (¶20) Plaintiff was not slurring his words. (¶20) The arrest reports state that plaintiff had spilled an alcoholic beverage on his clothes. (¶21) Plaintiff had not spilled any beverage on his clothes. (¶21) The arrest reports claim plaintiff said he had consumed "a few" drinks at two separate locations. (¶22) However, plaintiff did not make the statements Free attributed to him in the arrest reports. (¶22) The arrest reports claim that plaintiff failed multiple field sobriety tests administered by Free. (¶23) Plaintiff did not fail any of the field sobriety tests administered by Free. (¶23)

### B. Free Falsely Reported the Results of a Preliminary Breath Test and a Breathalyzer Test

The arrest reports note that a preliminary breath test was administered to plaintiff, but falsely indicates that it registered a reading of .093. (¶24) In fact, the results of the preliminary breath test were actually less than .08, as demonstrated, in part, by the results of a breathalyzer test that was administered to plaintiff *less than* one (1) hour after the preliminary breath test. (¶24) The arrest reports falsely indicate that the breathalyzer results were .071. (¶26) However, Free knew that the results of that specific breathalyzer overstated the results by at least .005. (¶26) Thus, Free knew the actual results of plaintiff's breathalyzer test were .066, or less. (¶26)

### C. Evidence that Free Falsely Reported the Results of the Preliminary Breath Test

Additional variables associated with the breathalyzer could mean that plaintiff's actual blood alcohol content was actually as low as .043. (¶26) The actual breathalyzer results, and the

fact that plaintiff had not actually failed any field sobriety tests, even accounting for how much time had passed since the boating accident, demonstrated that plaintiff was not intoxicated and establish that plaintiff did not actually have portable breath test results of .093, as falsely reported by Free. (¶26) Moreover, plaintiff was transported to a hospital for the purpose of obtaining blood and urine samples. (¶27) The results of testing performed on these samples were not known until June 5, 2012. (¶27) The results of the urine sample did not detect the presence of any illegal narcotics. (¶28) The blood sample detected a blood ethanol concentration of only .036g/dL. (¶29) These blood test results, even accounting for the passage of time between the boating accident and time the samples were collected, demonstrate that plaintiff did not have portable breath test results of .093, as falsely reported by Free. (¶29) On or about December 6, 2013, the criminal charges against plaintiff terminated in his favor when he was found not guilty. (¶30)

### III. STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *McMillan v. Collection Pof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "'Dismissal is warranted only if 'it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Brown v. City of Chicago*, 2007 WL 601840 (N.D. Ill. 2007). "[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001).

A complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). A complaint must plausibly suggest, above a "speculative level", that the plaintiff has a right to relief. *Bell Atlantic,* 127 S.Ct. at 1965, 1973 n. 14.  A complaint's request for relief must be "'plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the alleged facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Determining the plausibility of a claim is "a context-specific task that requires [courts] to draw on [their] judicial experience and common sense." *Id*.

## IV. ARGUMENT

Defendants' motion seeks to dismiss all of plaintiff's claims on the ground that they are implausible because there was probable cause, or arguable probable cause, to arrest and prosecute plaintiff.  However, the Court must reject defendants' arguments.

**A. Free Did Not Have Probable Cause to Arrest Plaintiff**

The probable cause determination must be based on the facts as they would have appeared to the arresting officer at the time of the arrest, and not based upon information learned later. *Padula v. Leimbach,* 656 F.3d 595, 601 (7th Cir. 2011); *Williams v. Rodriguez* 509 F.3d 392 398–99 (7th Cir. 2007).  A police officer has probable cause to believe that an individual has committed an offense if the facts and circumstances known to him would warrant a reasonable person believing that the individual has committed or is committing a crime. *Williamson v. Curran,* 714 F.3d 432, 441(7th Cir.2013).    Often what is "reasonable under the circumstances" is a jury question if there is room for a difference of opinion concerning the facts or the

reasonable inferences to be drawn from them. *Stokes v. Bd. of Education,* 599 F.3d 617, 623 (7th Cir. 2010); *Maxwell v. City of Indianapolis,* 998 F.2d 431, 434 (7th Cir.1993).

**1. There was not Probable Cause to Arrest Plaintiff for Operating a Watercraft While Intoxicated**

The alleged facts, viewed in a light most favorable to plaintiff, establish that at the time of the initial arrest Free knew that plaintiff had passed all the field sobriety tests he was asked to perform (¶23), exhibited no outward signs of intoxication (¶17), he did not smell of alcohol(¶19), and he was not slurring his words(¶20). No reasonable police officer could conclude that these facts supported a reasonable belief that plaintiff was intoxicated.

Defendants' motion ignores these allegations and focuses instead on allegations included in reports, written by Free, that Free knew Plaintiff had been in a boating accident after exiting a bar, his preliminary breath test showed the presence of *some* alcohol, and the boat had open containers of alcohol. (Def. Mtn. pg. 9). Putting aside for a moment the propriety of accepting as true reports written by Defendant when they contradict Plaintiff's allegations, Defendant's argument still fails for insufficient facts to support probable cause to arrest. There is nothing in the record establishing that Free saw Plaintiff consuming any alcohol or that any witness reported seeing Plaintiff consume alcohol on the boat or in the bar. There is no record that Free saw the manner in which plaintiff operated the boat or that a witness reported seeing Plaintiff operate the boat in an improper manner.

Thus, this case is clearly distinguishable from the *Seiser* decision because that Court based its determination that there was probable cause on the fact that multiple witnesses reported seeing the plaintiff operating a car while drinking from a container that bore a label indicating it contained alcohol. *Seiser v. City of Chicago,* 2014 wl 390711, *5-6 (7th Cir. 2014). Presumably if the Plaintiff in *Seiser* had, like plaintiff, not been seen drinking from a container of alcohol, and,

like plaintiff, passed all field sobriety tests and not smelled of alcohol the court would have reached a different conclusion.

Defendants have not, and cannot, cite any authority for the proposition that it was a violation of the Boat Registration and Safety Act for plaintiff to have *any* alcohol in his system. Where, as here, a person has a blood alcohol content less than .08, the standard is whether Free had probable cause to believe Plaintiff was "under the influence of alcohol." 625 ILCS 45/5-16. A person is "under the influence of alcohol when, as a result of drinking any amount of alcohol, his mental or physical faculties are so impaired as to reduce his ability to think and act with ordinary care." *Illinois Pattern Jury Instruction --Criminal 23.29-- Definition Of Under The Influence Of Alcohol*. Based upon the allegations in the complaint there is nothing to support the conclusion that Free had probable cause to believe that plaintiff's ability to think and act with ordinary care were impaired.

As noted above, plaintiff was not exhibiting any outward signs of intoxication, he had passed all of the field sobriety tests Free administered, and according to his preliminary breath test did not have a blood alcohol test above the legal limit. There is nothing in the record establishing that before the arrest Free knew, or had been told by a witness, that plaintiff's faculties were impaired. Sober people get in accidents every day without operating their vehicles in a careless manner. The accident occurred at night on a lake and involved a collision with another boat that was being operated by someone else.

If it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate. *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001) Plaintiff could plausibly present evidence that the other boat was operating at night in an unsafe manner without running lights, and otherwise

was the actual cause of the accident. Free did not see the accident, and there is no evidence that anyone told him plaintiff caused the accident before plaintiff was arrested. Furthermore, plaintiff could reasonably present evidence that Free lied about additional matters in his reports that were not specifically addressed in the First Amended Complaint. For example, plaintiff is free to dispute whether there were open alcohol containers in the boat he was operating. Thus, viewed in a light most favorable to plaintiff, the facts known to Free did not establish probable cause to believe plaintiff was under the influence of alcohol while operating a watercraft.

### a. Evidence That Free Wrote False Reports Creates an Inference That There was not Probable Cause to Arrest Plaintiff

Defendants' motion acknowledges the allegations that Free lied about virtually every fact in his reports, including the results of the preliminary breath test, that would support probable cause to arrest plaintiff. However, defendants ignore the legal implications these false statements. That is, when a police officer lies about the facts that supposedly support an arrest a plaintiff is entitled to an inference that the police officer is liable for arresting and prosecuting without probable cause. *See Williams v. City of Chicago*, 733 F.3d 749, 757, 761 (7th Cir. 2013) (Plaintiff entitled to benefit of conflicting testimony and acknowledgment of reasonable inference police officers were lying…General principle of evidence law that "a party's dishonesty about a material fact [i]s affirmative evidence of guilt" applies to false arrest and malicious prosecution context). Thus, it is ultimately a jury question as to whether Free had probable cause to arrest plaintiff.

### b. The Court Must not Assume That Reports Attached as Exhibits to Defendants' Motion Contain Undisputed Facts

Defendants urge, at length, that the Court "consider" several different reports relating to plaintiff's arrest and the surrounding circumstances without converting their motion into a

motion for summary judgment.  It is true that the court may consider public documents and reports of administrative bodies that are proper subjects for judicial notice "though caution is necessary, of course."  *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 556 (7th Cir. 2012).  It is clear from plaintiff's complaint that he has alleged that Free repeatedly lied in the reports that he wrote relating to plaintiff's arrest.  Yet, defendants cite these reports, written by Free, and claim the contents of those reports constitute "indisputable facts." (Def. mtn. pg. 9)  It would be error for this Court to adopt that approach as it would be engaging in fact finding by accepting defendants' disputed version of events.  *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)( The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits.).  To adopt Defendant's approach and treat arrest reports as the equivalent of a judicial or administrative finding, treaty, or contract would mean that no plaintiff could successfully plead a claim for false arrest as there would always be an arrest report, written by the person being sued, claiming there was probable cause for the arrest.

### c. The Blood Alcohol Tests did not Create Probable Cause to Arrest

The preliminary breath test ("PBT") result, which Free lied about in his report, did not indicate that plaintiff had a blood alcohol content above the legal limit.  The subsequent breathalyzer test results, which Free also lied about, demonstrated that plaintiff's blood alcohol content was substantially below the legal limit less than an hour after the PBT was administered[2]. The blood test that was later performed demonstrated an even lower blood alcohol content. However, as alleged in the complaint, the results of this test were not known until June 5, 2012.(¶27)  Therefore, because the result was not known to Free at the time of arrest, it was not a fact that he could use to support his probable cause decision.

---

[2] Defendant's motion repeatedly asserts that more than an hour elapsed between these two tests (Def. Mtn. pg. 11), but the complaint alleges that less than an hour passed. (¶24)

However, plaintiff has included the results of the blood test in the complaint for a different purpose.  Plaintiff intends to use this result, along with the breathalyzer results, to demonstrate, via an expert witness, that Free lied about the results of the initial PBT test.   It is not plaintiff's position that Free should have or could have performed a complicated retrograde extrapolation.  At this stage of the litigation there is no basis to believe he was qualified to do so.

Defendants' position on the use of retrograde extrapolation is confusing.  At one point defendants complain that Free should not reasonably be required to subtract .005 from plaintiff's breathalyzer result when he knew the results over stated the blood alcohol contents by at least that amount. (Def. Mtn. pg. 10)  Defendants contend that requiring Free to accurately report plaintiff's blood alcohol content relates to guilt or innocence and not probable cause.  However, this is incorrect.  If an officer is going to report the results of a breathalyzer to support probable cause he is obligated to report and rely upon the actual results – and not ignore facts.  Police officers may not close their eyes to facts that would help clarify the circumstances of an arrest. *BeVier v. Hucal,* 806 F.2d 123, 128 (7th Cir.1986).

Immediately after complaining that Free should not have been required to perform any subtraction when reporting plaintiff's breathalyzer results defendants then assert that Free was permitted to take into "consideration" the fact that at trial an expert could testify about retrograde extrapolation. (Def. Mtn. pg. 11-12)  Defendant does not explain how this is supposed to work or cite any authority.  However, the notion that a police officer could base a probable cause determination on the knowledge that it is theoretically possible that an expert witness could be retained to testify at trial about a calculation the officer cannot make is dubious.  Defendants have not cited any authority that such an assumption can be used to create probable cause, and it

clearly contradicts the requirement that probable cause be based upon facts known to the officer at the time of the arrest. *Padula v. Leimbach,* 656 F.3d 595, 601 (7th Cir. 2011).

### 2. There was not Probable Cause to Arrest Plaintiff for Careless Operation of a Vehicle

Defendants also argue that there was probable cause to arrest plaintiff for careless operation of a boat. Specifically, defendants claim probable cause to arrest for this offense was supported the "facts" that plaintiff was in an accident that caused bodily injury, plaintiff had left a bar, there was alcohol on the boat, there was alcohol in plaintiff's system, and he did not see the other boat before hitting it. (Def. Mtn. pg. 12) However, defendants' motion does not provide any explanation as to why this set of facts created probable cause to arrest for this offense. Rather they simply offer the conclusion without a rationale. The Court should refuse to consider this undeveloped argument. *Argyropoulos v. City of Alton*, 539 F.3d 724, 739 (7th Cir. 2008) ("[P]erfunctory and undeveloped arguments that are unsupported by pertinent authority, are waived…"). Moreover, the Court must reject this argument on its merits.

Careless operation of a watercraft is defined as follows:

> Careless operation. No person shall operate any watercraft in a careless or heedless manner so as to endanger any person or property or at a rate of speed greater than will permit him in the exercise of reasonable care to bring the watercraft to a stop within the assured clear distance ahead.

625 ILCS 45/5-1

Plaintiff's complaint specifically alleges that he did not operate the boat recklessly. (¶14) Free was not present for the accident and thus did not have personal knowledge as to how plaintiff was operating the boat. There is no record that any witness told Free, before the arrest, that plaintiff had been operating the boat recklessly. Defendants cite a report written by Free purporting to document an admission by plaintiff that he did not see the other boat before the

accident, and that he had just left a bar. Yet, the complaint alleges that Free wrote false reports, and that plaintiff did not make the statements attributed to him by Free in the arrest reports.(¶ 18, 22) Again, defendants' argument is essentially that Free had probable cause to arrest plaintiff because he was in an accident and there was *some* alcohol in his system. However, the statute is clear that it requires some evidence that plaintiff was operating the boat in a "reckless or heedless manner." Prior to the arrest Free had no information how Plaintiff was operating the boat or that he was the cause of the accident. The reports written by Free do not include any purported witness statements from anyone describing how the accident allegedly occurred or suggesting that Plaintiff, rather than the other boat operator, caused the accident. Therefore, at this stage of the litigation, there is no basis for concluding that Free had probable cause to arrest plaintiff for the offense of careless operation of the boat.

### 3. Free Should Have Released Plaintiff When he Knew the Breathalyzer Results

Count II of the Complaint alleges an alternative theory of liability for false arrest against Free pursuant to Rule 8 of the Federal Rules of Civil Procedure. Specifically, plaintiff alleges that even if Free mistakenly believed that the results of the PBT were actually .093, at the time he initially seized Plaintiff there was not probable cause for Free to continue to believe that there was probable cause to detain Plaintiff after he learned of the actual results of the breathalyzer test less than one (1) hour after the preliminary breath test. (¶38) Free knew that Plaintiff was not intoxicated after learning the actual results of the breathalyzer when combined with his prior knowledge that Plaintiff had not actually failed any field sobriety test, had not exhibited any outwards signs of intoxication, and had not made any admissions indicating that he was intoxicated. At the point Free learned of the breathalyzer results Free knew that there was not

probable cause to continue to detain Plaintiff or cause him to be charged with any criminal offense. (¶39)

Defendants argue that this alternative theory also necessarily fails because once Free had probable cause to arrest plaintiff he was not required to re-evaluate probable cause after learning the results of the breathalyzer test. (Def. Mtn. pg. 11)  However, the law is clear that police officers cannot ignore facts that would eliminate probable cause.  *BeVier v. Hucal*, 806 F.2d 123, 128 (7th Cir. 1986).  Thus, if the only information supporting probable cause to believe plaintiff was under the influence of alcohol was Free's mistaken belief that plaintiff had failed the PBT, the results of the breathalyzer showing plaintiff was well under the legal limit less than an hour later would have dissipated any probable cause.  Free was clearly not entitled to ignore this fact. Therefore, even if Free's initial seizure of plaintiff was supported by a mistaken understanding of the PBT he was required to release plaintiff once the breathalyzer results completely eliminated the reasonableness of the mistake.

### 4. Plaintiff's Prosecution was not Supported by Probable Cause

Defendant notes, correctly, that if there was probable cause to arrest plaintiff for an offense then their claim for malicious prosecution, as to that offense, also fails. (Def. Mtn. pg. 13)  However, malicious prosecution claims, unlike false arrest claims, are analyzed on a charge-by-charge basis. *Holmes v. Village of Hoffman Est.,* 511 F.3d 673, 682 (7th Cir. 2007) ("probable cause to believe an individual committed one crime—and even his conviction of that crime—does not foreclose a malicious prosecution claim for additionally prosecuting the individual on a separate charge.").  As explained above, it is plaintiff's position that there was not probable cause to arrest plaintiff for either of the crimes cited in defendants' motion.  However, if the

Court were to conclude that there was probable cause for only one of the charges the Court cannot dismiss plaintiff's malicious prosecution claim in its entirety.

### 5. Free is not Entitled to Qualified Immunity

Free argues that he is entitled to qualified immunity because it would have been a reasonable mistake for him to believe he had probable cause to arrest, and the law was not clearly established. (Def. Mtn. pg. 13-14). In determining whether police officers are entitled to qualified immunity, the Court must decide whether: (1) the facts as alleged make out a violation of a constitutional right; and (2) that right was clearly established at the time of the Officer Defendants' misconduct. *LaSalvia v. City of Evanston*, 806 F. Supp. 2d 1043, 1051 (N.D. Ill. 2011) The court must view the facts in a light most favorable to the plaintiff when considering qualified immunity. *Williams v. City of Chicago*, 733 F.3d 749, 758 (7th Cir. 2013).

There is no question that plaintiff's constitutional right to be free from arrest without probable cause was clearly established at the time of the incident. *Humphrey v. Staszack*, 148 F.3d 719, 725 (7th Cir. 1998). Likewise, it was clearly established that the "The continuation of even a lawful arrest violates the Fourth Amendment when the police discover additional facts dissipating their earlier probable cause." *BeVier v. Hucal*, 806 F.2d 123, 128 (7th Cir. 1986); *Johnson v. City of Chicago,* 711 F.Supp. 1465, 1468 (N.D.Ill., 1989) (If police officers discover post-arrest information which reveals a mistake supporting initial probable decision, and then fail to promptly release plaintiff, it could violate the Fourth Amendment.).

Moreover, given all of the disputed material facts in this case it would be improper for the court to conclude that Free is entitled to qualified immunity on the basis that he mistakenly believed that there was probable cause based upon his "observations, the PBT test, the Breathalyzer test, and the blood test." (Def. Mtn. pg. 14) *See e.g.*, *Hill v. Shelander*, 992 F.2d

714, 718 (7th Cir. 1993). The complaint alleges that Free lied about virtually all of the "facts" in the reports that were used to justify plaintiff's arrest. Specifically, plaintiff alleges that Free lied about his observations of plaintiff, lied about the PBT test results, and lied about the breathalyzer results[3]. Again, plaintiff is entitled to an inference that Free lied about these facts to create probable cause when none actually existed. *Williams v. City of Chicago*, 733 F.3d 749, 757, 761 (7th Cir. 2013). Free is not entitled to an inference that all of his lies just reflect a mistaken belief. Qualified immunity is not designed to protect liars. Accordingly, Free is not entitled to qualified immunity.

## V. CONCLUSION

For all the foregoing reasons the Court must deny defendants' motion to dismiss in its entirety.

Respectfully submitted,

By:/s/Garrett Browne
Attorney for Plaintiff

ED FOX & ASSOCIATES
Suite 330
300 W. Adams
Chicago, IL. 60606
(312) 345-8877
gbrowne@efox-law.com

---

[3] Recall that the blood test results were not known until several days after the arrest, and thus could not have been relied upon to create probable cause, and were not included in arrest reports.