# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BRIAN YOST, )<br><br>Plaintiff, )<br><br>v. )<br><br>Lake County Sheriff Mark Curran, in his<br>official capacity, Lake County Deputy,<br>Richard Free, Star No. 10568, and Lake<br>County, )<br><br>Defendants. | Case No.: 14 CV 3816<br><br>FIRST AMENDED<br>COMPLAINT FOR VIOLATION OF<br>CIVIL RIGHTS<br><br>**JUDGE ELLIS**<br><br><u>JURY DEMANDED</u> |

### JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of

1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C.

Sections 1343 and 1331 and 1367.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts

complained of arose in this district.

### PARTIES

3.      At all times herein mentioned, Plaintiff Brian Yost was and is a citizen of the United

States, and was within the jurisdiction of this court.

4.      At all times herein mentioned, Defendant Lake County Deputy Richard Free, Star

No. 10568, ("Free")was employed by the Lake County Sheriff's Department, and was acting

under color of state law and as the employee, agent, or representative of the Lake County

Sheriff's Department. This Defendant is being sued in his individual capacity.

5.      At all times herein mentioned, Mark Curran was the elected Sheriff of Lake

County, Illinois, and in that capacity maintained, managed, and/or operated the Lake County

Sheriff's Department. At all relevant times Mark Curran was acting under color of law. This

defendant is being sued in this official Capacity.

6.      At all times herein mentioned, Lake County was a political division of the State of

Illinois, existing as such under the laws of the State of Illinois. Lake County is named as

defendant for indemnification purposes only.

## FACTUAL ALLEGATIONS

7.      On or about May 26, 2012, Plaintiff was lawfully in a public place, on or near

Pistakee Lake in the Village of Fox Lake, County of Lake, State of Illinois.

8.      On that day and place Free seized Plaintiff in the aftermath of a boating accident.

9.      Plaintiff did not consent to being seized.

10.     There was no outstanding arrest warrant for Plaintiff.

11.     There was no legal cause to seize Plaintiff.

12.     Plaintiff was transported to a Lake County Sheriff Marine Unit Base where Free

caused Plaintiff to be imprisoned and charged with two crimes.

13.     The initial criminal charges against Plaintiff were operating a boat under the

influence of alcohol and reckless operation.

14.     Plaintiff did not operate the boat recklessly, or in violation of any laws.

15.     Free did not have information sufficient to create probable cause to believe that

Plaintiff had operated the boat recklessly.

16.     Plaintiff was not intoxicated or impaired at the time he was operating the boat. Free did not have information sufficient to create probable cause to believe that Plaintiff had operated the boat recklessly.

17.     Plaintiff was not exhibiting signs of intoxication or impairment during his interaction with Free. In the aftermath of the accident, before encountering Free, Plaintiff had interacted with a different Lake County Deputy who, after speaking with and observing Plaintiff, instructed Plaintiff to operate his boat, which had five (5) passengers on board, and move it to location over 200 yards away where he could be interviewed.

18.     Free wrote arrest reports containing false statements designed to create probable cause to arrest Plaintiff for operating a boat while intoxicated when no actual probable cause existed.

19.     The arrest reports written by Free falsely state that Plaintiff displayed outward signs of intoxication such as an "overwhelming odor of alcohol" on Plaintiff's breath. Plaintiff did not have an overwhelming odor of alcohol on his breath.

20.     The arrest reports written by Free falsely state that Plaintiff was slurring his words. Plaintiff was not slurring his words.

21.     The arrest reports by Free falsely state that Plaintiff had spilled an alcoholic beverage on his clothes. Plaintiff had not spilled any beverage on his clothes.

22.     The arrest reports written by Free falsely claim to document statements by Plaintiff that he had consumed "a few" drinks at two separate locations prior to his interaction with Free. However, Plaintiff did not make not make the statements Free attributed to him in the arrest reports.

23.     The arrest reports written by Free falsely claim that Plaintiff failed multiple field sobriety tests administered by Free.  Plaintiff did not fail any of the field sobriety tests administered by Free.

24.     The arrest reports written by Free falsely assert that a preliminary breath test was administered to Plaintiff that registered a reading of .093.  The results of preliminary breath test were less than .08, as demonstrated, in part, by the results of a breathalyzer test that was administered to Plaintiff less than one (1) hour after the preliminary breath test.

25.     After being seized and transported to a police station Plaintiff voluntarily submitted to a breathalyzer test.

26.     The arrest reports written by Free indicate that the breathalyzer results were .071. Free's arrest reports deceptively fail to acknowledge that he knew the results of that specific breathalyzer overstated the results by at least .005.  Thus, Free knew the actual results of Plaintiff's breathalyzer test were .066, or less.  Moreover, additional variables associated with the breathalyzer could mean that plaintiff's actual blood alcohol content was actually as low as .043.  The actual breathalyzer results, and the fact that Plaintiff had not actually failed any field sobriety tests, even accounting for how much time had passed since the boating accident, demonstrated that Plaintiff was not intoxicated and establish that Plaintiff did not actually have portable breath test results of .093, as falsely reported by Free.

27.     The arrest reports written by Free acknowledge that Plaintiff was transported to a hospital for the purpose of obtaining blood and urine samples.  The results of testing performed on these samples were not known until June 5, 2012.

28.     The results of the urine sample did not detect the presence of any illegal narcotics.

4

29.     The blood sample detected a blood ethanol concentration of only .036g/dL. These blood test results, even accounting for the passage of time between the boating accident and time the samples were collected, further demonstrate that Plaintiff did not have portable breath test results of .093, as falsely reported by Free.

30.     On or about December 6, 2013, the criminal charges against Plaintiff terminated in his favor when he was found not guilty.

31.     By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

32.     The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

33.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against Defendant FREE for
### UNREASONABLE SEIZURE

34.     Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

Case: 1:14-cv-03816 Document #: 21-1 Filed: 09/11/14 Page 7 of 10 PageID #:102

Case: 1:14-cv-03816 Document #: 19 Filed: 08/01/14 Page 6 of 9 PageID #:51

35.     By reason of the conduct by Free, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

36.     The arbitrary intrusion by Free, into the security and privacy of Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendant violated the Plaintiff's rights in the following manner: Free's initial seizure of Plaintiff based upon falsely reporting the results of field sobriety tests, falsely reporting the results of a preliminary breath test, falsely reporting Plaintiff's demeanor and appearance, and falsely reporting Plaintiff's statements, was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT II
### Plaintiff Against Defendant FREE For
### UNREASONABLE DETENTION

37.     Plaintiff incorporates and alleges paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

38.     In the alternative, even if, hypothetically, Free mistakenly believed that the results of the preliminary breath test were actually .093, at the time he initially seized Plaintiff there was not probable cause for Free to continue to believe that there was probable cause to detain Plaintiff after he learned of the actual results of the breathalyzer test less than one (1) hour after the preliminary breath test.

39.     Free knew that Plaintiff was not intoxicated after learning the actual results of the breathalyzer when combined with his prior knowledge that Plaintiff had not actually failed any field sobriety test, had not exhibited any outwards signs of intoxication, and had not made any

admissions indicating that he was intoxicated,. At the point Free learned of the breathalyzer results, if not sooner, Free knew that there was not probable cause to continue to detain Plaintiff or cause him to be charged with any criminal offense.

40.     When he learned of the breathalyzer results Free had the ability and duty to cause Plaintiff to be released from police custody due to the lack of probable cause supporting his continued detention in police custody.

41.     Free's arbitrary and baseless continued detention of Plaintiff was in violation of Plaintiff's Constitutional Rights and not authorized by law.   The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiff's rights.  Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
**Plaintiff Against Defendant Free and Defendant Lake County Sheriff Mark Curran For The Supplemental Claim of**
## MALICIOUS PROSECUTION

42.     Plaintiff incorporates and realleges paragraphs one (1) through thirty-three (33) hereat as though fully set forth at this place.

43.     Free caused a criminal prosecution to commence and continue against Plaintiff.

44.     Free, a Deputy employed by Lake County Sheriff Mark Curran, maliciously commenced and caused to be continued a criminal action against Plaintiff without probable cause for the institution of these proceedings.  As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

Case: 1:14-cv-03816 Document #: 21-1 Filed: 09/11/14 Page 9 of 10 PageID #:104

Case: 1:14-cv-03816 Document #: 19 Filed: 08/01/14 Page 8 of 9 PageID #:53

45.     Free initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or providing false information to the Lake County State's Attorney's Office.

46.     The criminal proceedings were terminated in Plaintiff's favor on or about December 6, 2013, when he was found not guilty.

47.     The Lake County Sheriff, Mark Curran, is liable to Plaintiff for the acts of Defendant Free pursuant to the doctrine of *respondeat superior*.

48.     Therefore, Free and Lake County Sheriff Mark Curran are liable under the supplemental state law claim of Malicious Prosecution.

## COUNT IV
### Plaintiff Against LAKE COUNY For
### INDEMNIFICATION

49.     Plaintiff hereby incorporates and realleges Paragraphs one (1) through thirty-three (33) heretofore as though fully set forth at this place.

50.     Pursuant to 745 ILCS 10/9 – 102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, LAKE COUNTY is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Lake County officer, such as the Lake County Sheriff and its deputies, acting within the scope of his/her employment is found liable.

51.     The acts and/or omissions of Defendants and each of them were committed within the scope of their employment.

52.     In the event that a judgment for compensatory damages is entered against Defendants and/or any of them, LAKE COUNTY must pay the judgment as well as the associated attorneys' fees and costs.

8

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendant Free be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.


BY:     s/ Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:     s/ Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com